UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DANIEL BRADLEY, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| CHRISTIAN CICERO, JOSEPH DUNN, | ) | |
| and DANIEL MOYNAHAN, | ) | |
|     Defendants | ) | |

## COMPLAINT

### INTRODUCTION

1. This is an action for money damages brought pursuant to the Federal Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, the Massachusetts Civil Rights Act, M.G.L. c. 12 §§ 11H and 11I, Article 14 of the Massachusetts Declaration of Rights, and under the common law of the Commonwealth of Massachusetts, against Christian Cicero, Joseph Dunn, and Daniel Moynahan, police officers of the City of Springfield, in their individual capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that the Defendants made an unreasonable seizure of the person of the Plaintiff, Daniel Bradley, and that the Defendants assaulted and battered the Plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 14 of the Massachusetts Declaration of Rights.

### PARTIES

3. The Plaintiff, Daniel Bradley, is an individual residing at 5 West Laramee Green, Indian

1

Orchard, MA 01151.

4. The Defendants, Christian Cicero ("Officer Cicero"), Joseph Dunn ("Officer Dunn") and Daniel Moynahan ("Officer Moynahan"), were at all times relevant to the allegations of this Complaint duly appointed and acting officers of the police department of the City of Springfield, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the City of Springfield.

## STATEMENT OF FACTS

5. On August 26, 2015, at approximately 2:00 AM, the Plaintiff was traveling in a motor vehicle on Northampton Avenue in the City of Springfield, Massachusetts.

6. The Plaintiff was seated in the rear of the vehicle on the passenger side.

7. The vehicle was being operated by Daeshavana Robinson ("Ms. Robinson").

8. Barbara Murphy was seated in the front passenger seat.

9. Savon Tucker was seated in the rear of the vehicle on the driver's side to the left of the Plaintiff.

10. After coming to a complete stop at the intersection of Northampton Avenue and King Street, Ms. Robinson took a right hand turn onto King Street.

11. Shortly thereafter, Officers Cicero and Dunn, who were traveling behind Ms. Robinson's vehicle in a fully marked police cruiser, activated their cruiser's emergency lights, signaling for Ms. Robinson to pull over.

12. Ms. Robinson promptly pulled her vehicle to the side of the roadway.

13. Officers Cicero and Dunn radioed for backup.

14. Officer Moynahan, along with Officers T. Ellison, J. Bienvenue, and C. Lariviere,

responded to the call and arrived on the scene.

15. Officer Cicero exited his cruiser and approached the driver's side of the vehicle.

16. Officers Dunn and Moynahan exited their cruisers and approached the passenger side of the vehicle.

17. Officer Cicero made contact with Ms. Robinson.

18. Ms. Robinson provided Officer Cicero with her driver's license and the rental agreement for the vehicle.

19. The Defendants returned to their cruisers to check Ms. Robinson's documentation.

20. The Defendants came back and informed Ms. Robinson that the rental agreement was expired and that she was not listed as an authorized driver.

21. The Defendants then asked the Plaintiff for his identification.

22. The Plaintiff provided his identification to the Defendants.

23. The Defendants returned to their cruisers.

24. A few minutes later, the Defendants returned to the Plaintiff's vehicle.

25. Officers Dunn and Moynahan opened the rear passenger door and forcibly pulled the Plaintiff out of the vehicle by the arm.

26. Officer Dunn immediately handcuffed the Plaintiff with his arms behind his back.

27. Officers Dunn and Moynahan searched the Plaintiff's pockets and emptied the contents into the backseat of the vehicle.

28. During the search of the Plaintiff's person, Officer Moynahan firmly grabbed the Plaintiff's genitals in the palm of his hand.

29. The Plaintiff felt violated and immediately questioned why Officer Moynahan had grabbed his genitals.

30. The Plaintiff verbally protested to the way he was being treated and told the Defendants that they were violating his civil rights.

31. Officer Moynahan told the Plaintiff to "shut up" and shoved him against the side of the vehicle.

32. Officers Dunn and Moynahan led the Plaintiff to their cruiser.

33. Officer Dunn punched the Plaintiff in the face while he was still handcuffed with his arms behind his back.

34. The blow caused the Plaintiff to fall face-first onto the rear floorboard of the police cruiser.

35. Officers Dunn and Moynahan then proceeded to stomp on the Plaintiff's back with their boots.

36. Officers Cicero and Dunn transported the Plaintiff in their cruiser to the Springfield Police Station for booking.

37. During the booking process, the Plaintiff asked to speak to a captain to report how he had been assaulted by the Defendants.

38. The booking officer, Sergeant Philip McBride, ignored the Plaintiff's repeated requests to report the assault to a captain.

39. The Defendants sought a criminal complaint against the Plaintiff, charging him with one count of Assault and Battery on a Police Officer and one count of Resisting Arrest.

40. Later that day on August 26, 2015, Complaint Docket No. 1523CR5954 was issued and the Plaintiff was arraigned before the Springfield District Court.

41. At arraignment, bail was set in the amount of $10,000.00 over the objection of the Plaintiff.

42. The Plaintiff was unable to post said bail and was consequently held at the Hampden County Corrections Center in Ludlow, Massachusetts.

43. On September 25, 2015, the court lowered the Plaintiff's bail to $1,000.00, which the Plaintiff posted that day.

44. From August 2, 2016 through August 3, 2016, a jury trial was conducted in the Springfield District Court.

45. The jury returned a verdict of not guilty on all counts.

46. As a direct result of his unlawful arrest at the hands of the Defendants and subsequent malicious prosecution, the Plaintiff was incarcerated from August 26, 2015 through September 25, 2015 for a total of 30 days.

47. As a direct result of the excessive force used by the Defendants against the Plaintiff at the time of his arrest, the Plaintiff suffered injuries to his lip and back.

48. As a direct result of his unlawful arrest and imprisonment and the use of excessive force against him, the Plaintiff suffered severe emotional distress.

**COUNT I – UNLAWFUL SEIZURE AND ARREST (42 U.S.C. §§ 1983 and 1988)**

49. The Plaintiff realleges and incorporates herein Paragraphs 1-48.

50. The Defendants, acting under color of law, intentionally and unlawfully seized the Plaintiff by conducting a traffic stop of the motor vehicle he was a passenger in without reasonable suspicion that the occupants of the vehicle were engaged in criminal activity and/or the operator of the vehicle had committed a motor vehicle infraction.

51. The Defendants, acting under color of law, intentionally and unlawfully seized the Plaintiff by forcibly removing him from the vehicle, handcuffing him, and searching his person without reasonable suspicion that he was either engaged in criminal activity or

posed a danger to the Defendants.

52. The Defendants, acting under color of law, intentionally and unlawfully exceeded the scope of a routine pat-frisk by firmly grabbing the Plaintiff's genitals during their search of the Plaintiff's person.

53. The Defendants, acting under color of law, intentionally and unlawfully arrested the Plaintiff without probable cause to believe that he had committed a crime.

54. The Defendants' actions deprived the Plaintiff of the right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution.

55. As a direct result, the Plaintiff was deprived of his liberty and suffered physical, emotional, and financial harm.

56. The Plaintiff is therefore entitled to damages pursuant to 42 U.S.C. §§ 1983 and 1988.

### COUNT II – UNLAWFUL SEIZURE AND ARREST (M.G.L. c. 12 §§ 11H and 11I)

57. The Plaintiff realleges and incorporates herein Paragraphs 1-56.

58. The Defendants, by means of threats, intimidation, and coercion, intentionally and unlawfully seized the Plaintiff by conducting a traffic stop of the motor vehicle he was a passenger in without reasonable suspicion that the occupants of the vehicle were engaged in criminal activity and/or the operator of the vehicle had committed a motor vehicle infraction.

59. The Defendants, by means of threats, intimidation, and coercion, intentionally and unlawfully seized the Plaintiff by forcibly removing him from the vehicle, handcuffing him, and searching his person without reasonable suspicion that he was either engaged in criminal activity or posed a danger to the Defendants.

60. The Defendants, by means of threats, intimidation, and coercion, intentionally and unlawfully exceeded the scope of a routine pat-frisk by firmly grabbing the Plaintiff's genitals during their search of the Plaintiff's person.

61. The Defendants, by means of threats, intimidation, and coercion, intentionally and unlawfully arrested the Plaintiff without probable cause to believe that he had committed a crime.

62. The Defendants' actions deprived the Plaintiff of the right to be free from unreasonable search and seizure as guaranteed by Article 14 of the Massachusetts Declaration of Rights.

63. As a direct result, the Plaintiff was deprived of his liberty and suffered physical, emotional, and financial harm.

64. The Plaintiff is therefore entitled to damages pursuant to the Massachusetts Civil Rights Act, M.G.L. c. 12 §§ 11H and 11I.

## COUNT III – FALSE IMPRISONMENT (COMMON LAW)

65. The Plaintiff realleges and incorporates herein Paragraphs 1-64.

66. The Defendants, acting under color of law, intentionally and unlawfully confined the Plaintiff against his will.

67. The Plaintiff was conscious of said unconsented-to confinement, deprived of his liberty, and suffered physical, emotional, and financial harm as a direct result.

68. The Plaintiff is therefore entitled to damages under Massachusetts common law.

## COUNT IV – FALSE ARREST (COMMON LAW)

69. The Plaintiff realleges and incorporates herein Paragraphs 1-68.

70. The Defendants, acting under color of law, intentionally and unlawfully arrested the

Plaintiff without probable cause to believe that he had committed a crime.

71. As a direct result, the Plaintiff was deprived of his liberty and suffered physical, emotional, and financial harm.

72. The Plaintiff is therefore entitled to damages under Massachusetts common law.

### COUNT V – EXCESSIVE FORCE (42 U.S.C. §§ 1983 and 1988)

73. The Plaintiff realleges and incorporates herein Paragraphs 1-72.

74. The Defendants, acting under color of law, used excessive and unreasonable force in the course of detaining the Plaintiff and placing the Plaintiff under arrest, thereby depriving the Plaintiff of the right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution.

75. The Plaintiff suffered physical and emotional harm as a direct result.

76. The Plaintiff is therefore entitled to damages pursuant to 42 U.S.C. §§ 1983 and 1988.

### COUNT VI – EXCESSIVE FORCE (M.G.L. c. 12 §§ 11H and 11I)

77. The Plaintiff realleges and incorporates herein Paragraphs 1-76.

78. The Defendants, by means of threats, intimidation, and coercion, used excessive and unreasonable force in the course of detaining the Plaintiff and placing the Plaintiff under arrest, thereby depriving the Plaintiff of the right to be free from unreasonable search and seizure as guaranteed by Article 14 of the Massachusetts Declaration of Rights.

79. The Plaintiff suffered physical and emotional harm as a direct result.

80. The Plaintiff is therefore entitled to damages pursuant to the MCRA, M.G.L. c. 12 §§ 11H and 11I.

### COUNT VII - ASSAULT AND BATTERY (COMMON LAW)

81. The Plaintiff realleges and incorporates herein Paragraphs 1-80.

82. The Defendants intentionally touched the Plaintiff without legal justification.

83. Said touching was unreasonable, offensive, unconsented to by the Plaintiff, and caused physical injury to the Plaintiff.

84. The Plaintiff is therefore entitled to damages under Massachusetts common law.

**COUNT VIII – MALICIOUS PROSECUTION (42 U.S.C. §§ 1983 and 1988)**

85. The Plaintiff realleges and incorporates herein Paragraphs 1-84.

86. The Defendants, acting under color of law and motivated by malice towards the Plaintiff, initiated criminal proceedings against the Plaintiff without probable cause to believe that he had committed a crime.

87. The Plaintiff was found not guilty of the criminal charges brought by the Defendants.

88. As a direct result of the Defendants' malicious actions, the Plaintiff was confined against his will during the pendency of the criminal case, and was therefore deprived of his liberty and the right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution.

89. As a direct result of the Defendants' malicious actions, the Plaintiff suffered physical, emotional, and financial harm.

90. The Plaintiff is therefore entitled to damages pursuant to 42 U.S.C. §§ 1983 and 1988.

**COUNT IX – MALICIOUS PROSECUTION (COMMON LAW)**

91. The Plaintiff realleges and incorporates herein Paragraphs 1-90.

92. The Defendants, motivated by malice towards the Plaintiff, initiated criminal proceedings against the Plaintiff without probable cause to believe that he had committed a crime.

93. The Plaintiff was found not guilty of the criminal charges brought by the Defendants.

94. As a direct result of the Defendants' malicious actions, the Plaintiff was confined against

his will during the pendency of the criminal case and suffered physical, emotional, and financial harm.

95. The Plaintiff is therefore entitled to damages under Massachusetts common law.

## COUNT X – ABUSE OF PROCESS (COMMON LAW)

96. The Plaintiff realleges and incorporates herein Paragraphs 1-95.

97. The Defendants initiated criminal proceedings against the Plaintiff.

98. The Defendants initiated said criminal process for an ulterior and/or illegitimate purpose, to wit: (1) to cover up their unlawful detention, arrest, and imprisonment of the Plaintiff and their use of excessive and unreasonable force in carrying out said detention, arrest, and imprisonment, (2) to protect themselves from criminal and civil liability for their illegal actions, and (3) to frustrate the Plaintiff from pursuing legal remedies available to him.

99. As a direct result of the Defendants' actions, the Plaintiff was deprived of his liberty and suffered physical, emotional, and financial harm.

100. The Plaintiff is therefore entitled to damages under Massachusetts common law.

## COUNT XI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COMMON LAW)

101. The Plaintiff realleges and incorporates herein Paragraphs 1-100.

102. The Defendants' actions of unlawfully detaining, arresting, and imprisoning the Plaintiff; using excessive and unreasonable force against the Plaintiff; and maliciously filing false criminal charges against the Plaintiff directly caused the Plaintiff to suffer severe emotional distress.

103. Said conduct was extreme and outrageous.

104. The Defendants either intended that the Plaintiff suffer emotional distress, or knew or

should have known that emotional distress was a likely consequence of their conduct.

105. The Plaintiff is therefore entitled to damages under Massachusetts common law.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment on his behalf and:

1. Award appropriate compensatory damages to him from the Defendants jointly and severally in an amount to be determined by the Court;

2. Award him interest, costs, and attorney's fees; and

3. Award such other relief as this Court deems just, equitable, and appropriate.

THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.


Dated: March 15, 2018                By: */s/ Peter A. Slepchuk*
                                                                             Peter Alexander Slepchuk, BBO#: 682078
                                                                             Attorney for the Plaintiff
                                                                             155 Maple St., Suite 405
                                                                             Springfield, MA 01105
                                                                             Tel: (413) 736-3649; Fax: (413) 747-9022
                                                                             E-mail: peter.alexander@slepchuklaw.com