UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DANIEL BRADLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-30039-MGM |
| | ) | |
| CHRISTIAN CICERO, JOSEPH DUNN, | ) | |
| and DANIEL MOYNIHAN | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER ON DEFENDANTS' ASSENTED-TO MOTION TO COMPEL DEPOSITION TESTIMONY</u>
(Dkt. No. 27)

Before the court is Defendants' Assented-To Motion to Compel Deposition Testimony ("Defendants' Motion"). By their motion, the defendants seek separate court orders compelling the attendance of third-party witnesses Deashevana Robinson, Savon Tucker, and Barbara Murphy at their depositions.[1] These three individuals are percipient witnesses to the events that are the basis of the plaintiff's civil rights claims. The parties have been diligent in seeking to procure the deposition testimony of these individuals, who have been unresponsive. On November 27, 2018, the plaintiff noticed the depositions of Ms. Robinson and Ms. Tucker for December 14, 2018. On December 31, 3018, the defendants noticed the depositions of Ms. Robinson, Ms. Tucker and Ms. Murphy for January 14, 2019. Through counsel, the defendants appeared at the January 14, 2019 noticed depositions, at which the deponents did not appear.

---

[1] The motion also seeks an order compelling deposition testimony from Tina James. The submission in support of the motion shows that Ms. James is a potential witness whose deposition was noticed in a case other than the instant case (Dkt. No. 27-2 at 24-31). To the extent Defendants' Motion seeks to compel deposition testimony from Ms. James, who, so far as appears from the record, has no connection to this case, it is denied.

1

The defendants made a record in which they represented service by sheriff at the deponents' last known addresses, and that the deponents had failed to appear.

Because Ms. Robinson, Ms. Tucker, and Ms. Murphy are percipient witnesses whom either side might call to the stand at any trial of this case, the defendants – and the plaintiff, who has assented to this motion – are entitled to a reasonable opportunity to take their depositions. Under the federal rules, a presumptively reasonable opportunity to take a witness deposition "is limited to one day of 7 hours" unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 30(d)(1). The deposition notices submitted by the defendants, however, indicate an intention to take these depositions in a single day in relatively quick succession.

In view of the information submitted, the court grants Defendants' Motion on the following terms. The defendants shall have to May 24, 2019 to complete the depositions of Deashevana Robinson, Savon Tucker, and Barbara Murphy. The amount of time to complete each of these depositions is restricted to a total of three hours of direct examination by the parties jointly, exclusive of breaks. Orders requiring these non-party witnesses to appear for deposition are attached hereto as Exhibits A, B and C, and will be docketed separately. The parties' right to take these depositions is subject to the limitations that questioning not be conducted "in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent," Fed. R. Civ. P. 30(d)(1)(3)(A), and that they avoid imposing undue burdens or expense on these non-parties. *See* Fed. R. Civ. P. 45(d). It is likely that these unrepresented witnesses lack an appreciation of their obligations (and their rights) in their position as non-party deponents.

It is so ordered.

Dated: April 16, 2019                                 /s/ Katherine A. Robertson
                                                      KATHERINE A. ROBERTSON
                                                      UNITED STATES MAGISTRATE JUDGE