UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DANIEL BRADLEY,<br>          Plaintiff | )<br>)<br>)<br>) |  |
| v. | ) | CIVIL ACTION NO. 3:18-CV-30039 |
| CHRISTIAN CICERO, JOSEPH DUNN,<br>and DANIEL MOYNAHAN,<br>          Defendants | )<br>)<br>)<br>)<br>) |  |

**PLAINTIFF'S MOTIONS *IN LIMINE*** 

TABLE OF CONTENTS

No. 5 - Plaintiff's Motion *In Limine* To Exclude Evidence Of Plaintiff's Past Criminal     p. 2-6
           Convictions

No. 6 - Plaintiff's Motion *In Limine* To Exclude Evidence Of Plaintiff's Open     p. 6-7
           Criminal Cases And Periods Of Incarceration Prior To And Subsequent
           To August 26, 2015 Through September 25, 2015.

No. 7 - Plaintiff's Motion *In Limine* For Sequestration Of Defendants' Witnesses     p. 7

No. 8 - Plaintiff's Motion *In Limine* For Attorney-Conducted Panel *Voir Dire* Of     p. 8-10
           Prospective Jurors

1

### NO. 5 - PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PLAINTIFF'S PAST CRIMINAL CONVICTIONS

NOW COMES the Plaintiff, Daniel Bradley, by and through counsel, and prays that this Honorable Court preclude the Defendants from introducing any evidence of the Plaintiff's past criminal convictions at trial.  In support hereof, the Plaintiff states:

1. Such evidence should be excluded because it is inadmissible under Rule 609 of the Federal Rules of Evidence. **Fed. R. Evid.** 609.

2. Such evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to the Plaintiff.  **Fed. R. Evid.** 403.

If the Court decides to allow evidence of the Plaintiff's prior convictions to be admitted, the Plaintiff requests that the Court exclude any reference to the length of the sentence imposed. The Plaintiff also requests that the Defendants be precluded from inquiring into any specific details of the convictions.  **Fed. R. Evid.** 403.

### STATEMENT OF FACTS

In both his interrogatory answers and deposition testimony, the Plaintiff has acknowledged several prior criminal convictions.  On September 22, 2017, the Plaintiff was convicted of Resisting Arrest and Possession of a Class "D" Substance with Intent to Distribute in the Springfield District Court, Docket No. 1723CR2197.  On January 4, 2010, the Plaintiff was convicted of Resisting Arrest and Possession of a Class "B" Substance in the Springfield District Court, Docket No. 0923CR14.  On October 20, 2009, the Plaintiff was convicted of Breaking and Entering in the Daytime with Intent to Commit a Misdemeanor in the Hampden

County Superior Court, Docket No. 0879CR810.[1]  On December 13, 2005, the Defendant was convicted of Distribution of a Class "B" Substance, Distribution of a Class "D" Substance, Possession of a Class "D" Substance with Intent to Distribute, Trespassing, and Resisting Arrest in the Springfield District Court, Docket No. 0523CR11506.

ARGUMENT

I.   EVIDENCE OF THE PLAINTIFF'S CONVICTIONS FROM DECEMBER 13, 2005 SHOULD BE EXCLUDED BECAUSE THEY ARE INADMISSIBLE UNDER RULE 609(b) OF THE FEDERAL RULES OF EVIDENCE.

Pursuant to Rule 609(b) of the Federal Rules of Evidence,

> if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if: **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use. **Fed. R. Evid.** 609(b).

Because the Plaintiff's December 13, 2005 convictions are more than ten years old, Rule 609(b) applies.  Evidence of said convictions should properly be excluded because the Defendants have not provided the Plaintiff with any written notice of their intent to introduce evidence of these prior convictions at trial.  Furthermore, even if such written notice had been provided, the probative value of such evidence, having no bearing on the Plaintiff's character for truthfulness, is substantially outweighed by the prejudicial effect it would have against the Plaintiff.  Therefore, the Plaintiff prays that this Honorable Court preclude the Defendants from introducing any evidence of the Plaintiff's December 13, 2005 convictions at trial.

---

[1] On October 20, 2009 the Defendant was also convicted of Possession of a Class "B" Substance with Intent to Distribute and Possession of a Class "D" Substance, however, those convictions were subsequently vacated on April 5, 2018.

3

II.  EVIDENCE OF THE PLAINTIFF'S OCTOBER 20, 2009 BREAKING AND ENTERING CONVICTION AND JANUARY 4, 2010 POSSESSION OF A CLASS "B" CONTROLLED SUBTANCE CONVICTION SHOULD BE EXCLUDED BECAUSE THEY ARE INADMISSIBLE UNDER RULE 609(a) OF THE FEDERAL RULES OF EVIDENCE.

Pursuant to Rule 609(a) of the Federal Rules of Evidence, evidence of a prior conviction is admissible to attack a witness's character for truthfulness, subject to rule 403, if the conviction was "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year". **Fed. R. Evid.** 609(a).

On October 20, 2009, the Defendant was convicted of the crime of Breaking and Entering in the Daytime with Intent to Commit a Misdemeanor, which is punishable by a maximum penalty of six months to the house of correction. See **Mass. Gen. Laws** ch. 266, § 16A. On January 4, 2010, the Defendant was convicted of Possession of a Class "B" Controlled Substance, which is punishable by a maximum penalty of one year to the house of correction. See **Mass. Gen. Laws** ch. 94C, § 34. Because the maximum penalty for said crimes is not more than one year, the Plaintiff's convictions for these offenses are inadmissible under Rule 609(a). Therefore, the Plaintiff prays that this Honorable Court preclude the Defendants from introducing any evidence of the Plaintiff's October 20, 2009 and January 4, 2010 misdemeanor convictions at trial.

III.  EVIDENCE OF THE PLAINTIFF'S JANUARY 4, 2010 CONVICTION FOR RESISTING ARREST AND SEPTEMBER 22, 2017 CONVICTIONS FOR RESISTING ARREST AND POSSESSION OF A CLASS "D" CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE SHOULD BE EXCLUDED BECAUSE THE PROBATIVE VALUE OF SUCH EVIDENCE IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE TO THE PLAINTIFF.

The admission into evidence of a witness's prior convictions for the purpose of impeaching the witness's character for truthfulness is within the discretion of the trial judge and subject to the safeguards of Rule 403 of the Federal Rules of Evidence. **Fed. R. Evid.** 403 ("The

court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); **Fed. R. Evid.** 609(a)(1)(A) (evidence of witness's prior convictions admissible "subject to rule 403").

The Plaintiff's January 4, 2010 conviction for Resisting Arrest, and his September 22, 2017 convictions for Resisting Arrest and Possession of a Class "D" Controlled Substance with Intent to Distribute are less than ten years old, and therefore, potentially admissible for impeachment purposes under Rule 609(a). Nevertheless, the Court should exclude such evidence at trial under Rule 403 because the probative value of such evidence for truthfulness is substantially outweighed by the danger of unfair prejudice to the Plaintiff.

The elements of the crimes for which the Plaintiff was convicted do not involve misrepresentations, false statements, fraud, or any other deceitful conduct. Consequently, these convictions have little, if any, probative value with respect to the Plaintiff's character for truthfulness. Presentation of said convictions to the jury, however, would pose a substantial risk that the jury would be unable to limit their consideration of said evidence to the sole issue of the Plaintiff's character for truthfulness. Instead, there is a substantial danger that evidence of the Plaintiff's September 22, 2017 conviction for Possession of a Class "D" Controlled Substance with Intent to Distribute would cause the jurors to be improperly swayed by personal feelings and biases against drugs, and as a result, be unable to fairly and impartially hear the Plaintiff's case and give the Plaintiff a fair trial.

More importantly, there is a substantial danger that evidence of the Plaintiff's September 22, 2017 and January 4, 2010 convictions for Resisting Arrest would improperly be viewed by the jury as evidence of the Plaintiff's propensity to resist arrest. See **Fed. R. Evid.** 404(b)(1)

("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Whether or not the Plaintiff resisted the Defendants' attempts to place him under arrest on August 26, 2015 will be a central question for the jury to decide in this case. If such propensity evidence were to be submitted to the jury, it would almost certainly deny the Plaintiff the opportunity for a fair trial. Therefore, the Plaintiff prays that this Honorable Court preclude the Defendants from introducing any evidence of the Plaintiff's January 4, 2010 and September 22, 2017 convictions at trial.

CONCLUSION

For the reasons stated herein, the Plaintiff prays that this Honorable Court grant the Plaintiff's Motion *In Limine* To Exclude Evidence Of Plaintiff's Past Criminal Convictions.

**NO. 6 - PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PLAINTIFF'S OPEN CRIMINAL CASES AND PERIODS OF INCARCERATION PRIOR TO AND SUBSEQUENT TO AUGUST 26, 2015 THROUGH SEPTEMBER 25, 2015.**

NOW COMES the Plaintiff, Daniel Bradley, by and through counsel, and prays that this Honorable Court preclude the Defendants from introducing any evidence and/or mentioning at trial the fact that the Plaintiff currently has unrelated pending criminal cases, and had unrelated pending criminal cases at the time of his arrest on August 26, 2015, as well as any evidence that the Defendant was incarcerated prior to and subsequent to August 26, 2015 through September 25, 2015. In support hereof, the Plaintiff states:

1. Such evidence should be excluded because it is irrelevant to the facts and circumstances of the case at bar. **Fed. R. Evid.** 402.

2. Such evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to the Plaintiff. **Fed. R. Evid.** 403.

3.     Such evidence should be excluded because it constitutes bad character evidence. **Fed. R. Evid.** 404.

WHEREFORE, the Plaintiff prays that this Honorable Court preclude the Defendants from introducing any evidence and/or mentioning at trial the fact that the Plaintiff currently has unrelated pending criminal cases and had unrelated pending criminal cases at the time of his arrest on August 26, 2015, as well as any evidence that the Defendant was incarcerated prior to and subsequent to August 26, 2015 through September 25, 2015.

### NO. 7 - PLAINTIFF'S MOTION *IN LIMINE* FOR SEQUESTRATION OF DEFENDANTS' WITNESSES

NOW COMES the Plaintiff, Daniel Bradley, by and through counsel, pursuant to Rule 615 of the Federal Rules Evidence, and moves that this Honorable Court order the sequestration of the Defendants' witnesses during the course of the trial. The Plaintiff additionally requests that the witnesses be instructed not to discuss any aspects of the case amongst themselves or with others during the course of the trial. As reasons therefor, the Plaintiff states:

1.     Sequestration is necessary to prevent perjury; to discourage and expose fabrication, inaccuracy, and collusion; and to ensure that the Plaintiff receives a fair trial. **Fed. R. Evid.** 615 ("At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony."); see also Commonwealth v. Jackson, 384 Mass. 572, 581-582 (1981) (noting perjury is "the principal evil that sequestration orders are designed to prevent").

WHEREFORE, the Plaintiff prays that this Honorable Court order the sequestration of the Defendants' witnesses during the course of the trial.

## NO. 8 - PLAINTIFF'S MOTION *IN LIMINE* FOR ATTORNEY-CONDUCTED PANEL *VOIR DIRE* OF PROSPECTIVE JURORS

NOW COMES the Plaintiff, Daniel Bradley, by and through counsel, and moves that this Honorable Court allow attorney-conducted panel *voir dire* of prospective jurors on case specific issues.

Specifically, the Plaintiff desires to inquire of prospective jurors regarding the following topics:  ***bias and/or prejudice towards African Americans, attitudes regarding claims of excessive force and unlawful arrest by police, attitudes regarding the testimony/credibility of police officers, and willingness to apply the law regarding the burden of proof and the assessment of damages***.  Follow-up questions would seek to elicit further information about or explanations of responses of jurors to these subject areas.  The objective of Plaintiff's counsel's inquiry is to allow jurors to comfortably express their preconceived notions and beliefs about the topics referenced above.  The Plaintiff contends that reasonable time to explore each of these critical subject areas is required to root out bias and prejudice.

In support hereof, the Plaintiff states that attorney-conducted panel *voir dire* should be allowed because:

1. The attorneys have information about the facts and potential legal issues in the case which have not have been disclosed to the judge prior to trial. (Supreme Judicial Court's Statement Regarding Best Practices For Jury Selection, ¶ 6, attached hereto as Exhibit "1").

2. Attorney-conducted panel *voir dire* is better suited to root out juror bias than court-conducted individual *voir dire*.  (Id.)

3. Research shows that jurors respond more candidly to questions posed by attorneys than those posed by judges.  (Id.)

8

4. The Court has discretion to allow attorney-conducted panel *voir dire* if it is persuaded that there is a need to root out juror bias. (Id., ¶ 7) ("Where requested by a party, a judge should . . . permit attorneys to conduct voir dire directed at identifying [juror] bias.")

5. There is widespread and deeply held bias regarding claims of excessive force and unlawful arrest by police.

6. The trend locally and nationally is toward greater *voir dire*.

7. The proposed structure will not take much time.

Additionally, as the Supreme Court has long recognized, "[v]oir Dire is a singularly important means of safeguarding the right to an impartial jury." Sampson v. U.S., 724 F.3d 150, 163 (1st Cir. 2013). "A probing Voir Dire examination is '[t]he best way to ensure that jurors do not harbor biases for or against the parties.'" Id. at 163-164 quoting Correia v. Fitzgerald, 354 F.3d 47, 52 (1st Cir. 2003). "This goal, however, is not easy to achieve: a person who harbors a bias may not appreciate it and, in any event, may be reluctant to admit her lack of objectivity." Id. at 164 citing McDonough Power Equip v. Greenwood, 464 U.S. 548, 554 (1984); Crawford v. United States, 212 U.S. 183, 196 (1909). "As the Supreme Court explained over a century ago, '[b]ias or prejudice is such an elusive condition of the mind that it is most difficult, if not impossible, to always recognize its existence.'" Id. quoting Crawford, 212 U.S. at 196.

WHEREFORE, the Plaintiff prays that this Honorable Court:

1. Allow attorney-conducted panel *voir dire* with sufficient time to allow for questioning with respect to the subject areas as set forth herein; or

2. In the alternative, should the Court deny the Plaintiff's request for panel *voir dire*, the Plaintiff prays that the Court permit counsel for the Plaintiff to conduct individual *voir dire* of prospective jurors at the sidebar concerning all the subject areas set forth herein.

A list of proposed voir dire questions shall be filed with the Court no later than November 8, 2019 as provided for in the Court's September 3, 2019 Pretrial Procedural Order.

                                            Respectfully Submitted,

Dated: October 18, 2019                    By: */s/ Peter Alexander Slepchuk*
                                                  Peter Alexander Slepchuk, BBO#: 682078
                                                  Attorney for the Plaintiff
                                                  155 Maple Street, Suite 405
                                                  Springfield, MA 01105
                                                  Tel: 413-736-3649; Fax: 413-747-9022
                                                  E-mail: peter.alexander@slepchuklaw.com

## CERTIFICATE OF SERVICE

I, Peter Alexander Slepchuk, hereby certify that on this 18th day of October, 2019, I served this document upon counsel for the Defendants and all registered parties via the ECF Notice of Electronic Filing (NEF) system.

Dated: October 18, 2019                                                      */s/ Peter Alexander Slepchuk*
                                                                               Peter Alexander Slepchuk